UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| CECILIA FRANCISCO, )<br>)<br>PLAINTIFF, )<br>)<br>v. )<br>)<br>MIDLAND FUNDING, LLC, and MIDLAND )<br>CREDIT MANAGEMENT, INC., )<br>)<br>DEFENDANTS. ) | Civil Action No. 17-cv-06872<br><br><br>Jury Demanded |

## COMPLAINT

Plaintiff, Cecilia Francisco, brings this action under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* ("FDCPA"), and the Illinois Collection Agency Act, 225 ILCS 425, *et seq.* ("ICAA"), and alleges:

### JURISDICTION AND VENUE

1. This Court has jurisdiction pursuant to § 1692k(d) of the FDCPA and 28 U.S.C. §1331, and pursuant to 28 U.S.C. § 1367 as to Plaintiff's state law claims.

2. Venue is proper in this District because parts of the acts and transactions occurred here and Defendants transact substantial business here.

### STANDING

3. Plaintiff has a congressionally defined right to receive all communications from a debt collector free from any misrepresentations and false threats. *E.g. Genova v. IC Sys., Inc.*, No. CV 16-5621, 2017 WL 2289289, at *3 (D.N.J. May 25, 2017).

4. Plaintiff has suffered an injury in fact that is traceable to Defendants' conduct and that is likely to be redressed by a favorable decision in this matter.

1

5. Specifically, Plaintiff suffered a concrete injury and harm to his reputation as a result of Defendants' sharing of false information regarding an alleged debt with a third party. *Sayles v. Advanced Recovery Systems, Inc.*, 2017 U.S. App. LEXIS 12080 *7 (5th Cir. July, 6, 2017) ([Defendant's §1692e(8)] violation exposed [plaintiff] to a real risk of financial harm caused by an inaccurate credit rating); *see also, Bowse v. Portfolio Recovery Assocs., LLC*, 218 F. Supp. 3d 745, 749 (N.D. Ill. 2016) ("Unlike an incorrect zip code, the 'bare procedural violation' in Spokeo, an inaccurate credit rating creates a substantial risk of harm.").

**PARTIES**

6. Plaintiff, Cecilia Francisco ("Plaintiff"), is a resident of the State of Illinois, from whom Defendants attempted to collect a delinquent consumer debt allegedly owed for a defaulted Synchrony Bank consumer credit card account. Plaintiff is thus a "consumer" as that term is defined in 15 U.S.C. § 1692a(3) of the FDCPA and a "debtor" as that term is defined in 225 ILCS 425/2 of the Illinois Collection Agency Act.

7. Defendant, Midland Funding LLC ("Midland"), is a Delaware limited liability company with its principal place of business at 3111 Camino Del Rio N, #1300, San Diego, CA 92108. It does or transacts business in Illinois. Its registered agent and office are Illinois Corporation Service Co., 801 Adlai Stevenson Drive, Springfield, IL 62703. (Exhibit A, Record from Illinois Secretary of State).

8. Midland holds a collection agency license from the state of Illinois. (Exhibit B, Record from Illinois Department of Financial & Professional Regulation).

9. Midland's principal purpose is the collection of debts, as it derives all of its revenue from purchasing and recovering portfolios of defaulted receivables from consumers. *See* SEC filings, Encore Capital Group, Inc., Annual Report (Form 10-K) (Dec. 31, 2016), available

at http://investors.encorecapital.com/phoenix.zhtml?c=115920&p=irol-reportsannual (viewed July 7, 2017).

10. Midland is thus a "debt collector" as defined at 15 U.S.C. § 1692a(6) of the FDCPA.

11. Defendant, Midland Credit Management ("MCM"), is a Kansas corporation with its principal place of business at 3111 Camino Del Rio N, Suite 1300, San Diego, CA 92108-8875. MCM does or transacts business in Illinois. Its registered agent and office is Illinois Corporation Service Co., 801 Adlai Stevenson Drive, Springfield, IL 62703. (Exhibit C, Record from Illinois Secretary of State).

12. MCM is a collection agency, as that term is defined in the Illinois Collection Agency Act, 225 ILCS 425/1 *et seq.*, and attempts to collect debts held in the name of Midland Funding, LLC.

13. MCM holds a collection agency license from the State of Illinois and is a collection agency as defined in the ICAA. (Exhibit D, Record from Illinois Department of Financial & Professional Regulation).

14. MCM regularly collects or attempts to collect defaulted consumer debts due or asserted to be due another, and is a "debt collector" as defined in 15 U.S.C. § 1692a(6) of the FDCPA.

**FACTUAL ALLEGATIONS**

15. According to Defendants, Plaintiff incurred an alleged debt for goods and services used for personal purposes, originally for a Synchrony Bank consumer credit card account ("alleged debt"). The alleged debt is thus a "debt" as that term is defined at § 1692a(5) of the FDCPA.

16. Due to her financial circumstances, Plaintiff could not pay any debts, and the alleged debt went into default.

17. Midland subsequently purchased the alleged debt and retained MCM for collection.

18. In response to collection attempts by Defendants, Plaintiff consulted with the attorneys at Community Lawyers Group, Ltd., who, on August 20, 2017, sent a letter to Midland, via its servicer MCM, indicating that Plaintiff disputed the alleged debt. (Exhibit E, Redacted Dispute Letter).

19. Midland received Plaintiff's dispute on August 20, 2017.

20. Plaintiff's letter stated, in part, that the amount reported is not accurate.

21. A statement that "the amount reported is not accurate" evinces the intention to dispute the validity of at least a portion of the purported debt. *Emerson v. Fid. Capital Holdings, Inc.*, No. 15 C 3416, 2015 WL 5086458, at *2 (N.D. Ill. Aug. 14, 2015).

22. After making her dispute, Plaintiff purchased his Equifax credit report to check that it was accurately updated.

23. On August 25, 2017, Midland communicated credit information regarding the alleged debt to the Equifax consumer reporting agency, including a balance, an account number and the date reported. (Exhibit F, Redacted Equifax).

24. Midland failed to communicate that Plaintiff's alleged debt was disputed when it communicated other information to Equifax regarding the alleged debt.

25. Midland had been notified five days prior of Plaintiff's dispute.

26. Five days is sufficient time for a debt collector to update its records. *Herbert v. Monterey Financial Services, Inc.*, 863 F. Supp. 76 (D. Conn. 1994) (holding that five days was

4

enough time for a debt collector to update their records with information from a consumer's letter).

27. 15 U.S.C. § 1692e of the FDCPA provides as follows:

**False or misleading representations**

**A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:**

**. . . (8) Communicating or threatening to communicate to any person credit information which is known or which should be known to be false, including the failure to communicate that a disputed debt is disputed. . . .**

28. Defendants failed to communicate a dispute to the Equifax credit reporting agency, in violation of 15 U.S.C. 1692e(8), when they knew or should have known about the dispute and communicated other information regarding the alleged debt to Equifax.

29. Credit reporting by a debt collector constitutes an attempt to collect a debt. *E.g., Rivera v. Bank One*, 145 F.R.D. 614, 623 (D.P.R. 1993) (a creditor's report of a debt to a consumer reporting agency is a "powerful tool, designed in part to wrench compliance with payment terms from its cardholder").

30. Midland materially lowered Plaintiff's credit score by failing to note Plaintiff's dispute.

31. A debt reported with no dispute results in a much lower credit score than a report of both the debt and the dispute. *Saunders v. Branch Banking and Trust Co. of VA*, 526 F. 3d 142, 146-47 (4th Cir. 2008).

32. 225 ILCS 425/9 of the Illinois Collection Agency Act provides as follows:

**. . . (22) Disclosing or threatening to disclose information concerning the existence of a debt which the collection agency knows to be**

5

> **disputed by the debtor without disclosing the fact that the debtor disputes the debt. . . .**

33. Defendants disclosed information concerning the existence of a debt which they knew to be disputed without disclosing the fact that Plaintiff disputes the debt, in violation of 225 ILCS 425/9 of the ICAA.

34. A private right of action exists for violation of the ICAA. *Sherman v. Field Clinic*, 74 Ill. App. 3d 21, 392 N.E.2d 154 (1st Dist. 1979).

35. In fact, statutes providing for administrative remedies (e.g. the revocation of a license, etc.) imply civil rights of action in Illinois. *Trull v. GC Servs. Ltd. P'ship*, 961 F. Supp. 1199, 1206 (N.D. Ill. 1997).

36. Plaintiff experienced negative emotions about Defendants' false communication to Equifax, including annoyance, aggravation, and other garden variety emotional distress.

37. Defendants' collection communications are to be interpreted under the "unsophisticated consumer" standard. *See*, *Gammon v. GC Services, Ltd. Partnership*, 27 F.3d 1254, 1257 (7th Cir. 1994).

## COUNT I- FAIR DEBT COLLECTION PRACTICES ACT

38. Plaintiff re-alleges the paragraphs above as if set forth fully in this count.

39. Defendants failed to communicate a dispute to the Equifax credit reporting agency, in violation of 15 U.S.C. § 1692e(8), when they knew or should have known about the dispute and communicated other information regarding the alleged debt to Equifax.

WHEREFORE, Plaintiff respectfully asks this Court enter judgment in Plaintiff's favor and against Defendants as follows:

    A.    Actual damages pursuant to 15 U.S.C. § 1692d(a)(1);

B. Statutory damages from Defendant Midland pursuant to 15 U.S.C. § 1692k(a)(2);

C. Statutory damages from Defendant MCM pursuant to 15 U.S.C. § 1692k(a)(2);

D. Costs and reasonable attorney fees pursuant to 15 U.S.C. § 1692k(a)(3); and

E. Such other or further relief as the Court deems proper.

## COUNT II – ILLINOIS COLLECTION AGENCY ACT

40. Plaintiff re-alleges the above paragraphs as if set forth fully in this count.

41. Defendants disclosed information concerning the existence of a debt which they knew to be disputed without disclosing the fact that Plaintiff disputes the debt, in violation of 225 ILCS 425/9 of the ICAA.

WHEREFORE, Plaintiff requests that the Court enter judgment in Plaintiff's favor and against Defendants as follows:

A. Compensatory and punitive damages;

B. Costs; and

C. Such other or further relief as the Court deems proper

## JURY DEMAND

Plaintiff demands trial by jury.

By: s/Celetha Chatman
One of Plaintiff's Attorneys

Michael Wood
Celetha Chatman
Holly McCurdy
Sarah Barnes
**Community Lawyers Group, Ltd.**
73 W. Monroe Street, Suite 514
Chicago, IL 60603
Ph: (312) 757-1880

Fx: (312) 265-3227
cchatman@communitylawyersgroup.com