UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| CECILIA FRANCISCO, | ) | |
| | ) | |
| PLAINTIFF, | ) | |
| | ) | Civil Action No. 17-cv-06872 |
| v. | ) | |
| | ) | |
| MIDLAND FUNDING, LLC, and MIDLAND CREDIT MANAGEMENT, INC., | ) ) | |
| | ) | <u>Jury Demanded</u> |
| DEFENDANTS. | ) | |

**MEMORANDUM IN SUPPORT OF PLAINTIFF'S**
<u>**MOTION FOR SUMMARY JUDGMENT**</u>

Plaintiff, Cecelia Francisco ("Plaintiff"), by and through her attorneys, pursuant to Federal Rule of Civil Procedure 56, submits this Memorandum in Support of her Motion for Summary Judgment as follows:

i

## TABLE OF CONTENTS

I. INTRODUCTION..................................................................................................................1
II. FACTS..................................................................................................................................2
III. THE FAIR DEBT COLLECTION PRACTICES ACT .......................................................3
IV. LEGAL STANDARD ..........................................................................................................4
V. ARGUMENT .......................................................................................................................4
   A. Plaintiff Has Satisfied the Prerequisite Requirements of the FDCPA............................5
      a. Plaintiff is a "Consumer" Under the FDCPA ................................................................5
      b. Defendants are "Debt Collectors" Under the FDCPA ..................................................5
      c. The Alleged Debt is a "Debt" Under the FDCPA .........................................................7
   B. Defendants Violated §§ 1692e(8) by failing to report to Equifax that Plaintiff's alleged debt was disputed when Defendants knew that Plaintiff disputed the amount of the alleged debt and communicated other information regarding the alleged debt to Equifax ……………………………………………………………………………………………..7
   C. Defendants' *Bona Fide* Error Defense Fails as a Matter of Law, and Plaintiff Should be Granted Summary Judgment on the Defense ..................................................................9
VI. CONCLUSION...................................................................................................................12

**Cases**
*Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986)* ...........................................................5
*Bowse v. Portfolio Recovery Associates, LLC*, 218 F. Supp. 3d 745, 753 (N.D. Ill. 2016)……….9
*Cacace v. Lucas*, 775 F. Supp. 502, 505 (D. Conn. 1990)……………………………………….5
*Cedillo v. Int'l Assoc. of Bridge & Structural Iron Workers, Local Union No. 1,* 603 F.2d 7, 10 (7th Cir, 1979)……………………………………………………………………………………….5
*Celotex Corp. v. Catrett,* 477 U.S. 317 (1986) ...............................................................................5
*Flores v. Portfolio Recovery Associates, LLC*, 2017 U.S. Dist. LEXIS 195518, *11 (N.D. Ill. November 29, 2017)……………………………………………………………………………..9
*FTC v. Colgate-Palmolive Co.*, 380 U.S. 374, 384-85 (1965)……………………………………11
*Gammon v. GC Services, Ltd. Partnership*, 27 F.3d 1254, 1257 (7th Cir. 1994)…………………5
*Gearing v. Check Brokerage Corp.*, 233 F.3d 469, 472 (7th Cir.2000) ........................................4
*Jerman v. Carlisle, McNellie, Rini, Kramer & Ulrich LPA*, 559 U.S. 573, 602 (2010)…….*passim*
*Keele v. Wexler*, 149 F.3d 589, 594 (7th Cir. 1998) .....................................................................4
*Kort v. Diversified Collection Services, Inc.*, 394 F. 3d 530, 537 (7th Cir. 2005) ......................14
*Mace v. Van Ru Credit Corp.*, 109 F.3d 338 (7th Cir. 1997)........................................................4
*Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.,* 475 U.S. 574, 586, 106 S. Ct. 1348, 89 L. Ed. 2d 538 (1986) ..................................................................................................................5
*Pollice v. National Tax Funding, L.P.*, 225 F. 3d 379, 403-04 (3rd Cir. 2000) ............................7
*Rivera v. Bank One*, 145 F.R.D. 614, 623 (D.P.R. 1993)……………………………………….9
*Turner v. J.V.D.B. & Associates, Inc.*, 330 F.3d 991, 995 (7th Cir. 2003) ....................................5

**Statutes**
15 U.S.C. § 1692 ........................................................................................................................ 1, 4
15 U.S.C. § 1692(a) ........................................................................................................................2
15 U.S.C. § 1692(e) ................................................................................................................2, 4, 6
15 U.S.C. § 1692a(5) ......................................................................................................................8
15 U.S.C. § 1692e(8) ......................................................................................................... 2, 6, 8, 17
1692a(6) ..........................................................................................................................................7

**Other Authorities**
1977 USCCAN 1695, 1697 .............................................................................................................4
S. Rep. No. 382, 95th Cong., 1st Sess. 3 (1977) .............................................................................4
FTC, *Repairing a Broken System: Protecting Consumers in Debt Collection, Litigation and Arbitration* (July 2010), http://1.usa.gov/buF50z).

**Rules**
Fed. R. Civ. P. 56(e) ......................................................................................................................5
Fed. R. Civ. Proc. 56(c) ..................................................................................................................5
Local Rule 56.1 ..............................................................................................................................3
Local Rule 56.1(a)(3) .....................................................................................................................1
Rule 56 ..........................................................................................................................................5

## I. INTRODUCTION

Plaintiff Cecelia Francisco submits this memorandum of law in support of her motion for summary judgment in her favor on her claims under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq*. (FDCPA) and on Defendants' Affirmative Defense of *bona fide* error.

For the reasons set forth in this memorandum, Plaintiff's motion, and Plaintiff's Local Rule 56.1(a)(3) Statement of Material Facts in Support of Motion for Summary Judgment on Liability (hereinafter "Statement of Facts" or "SOF"), Plaintiff respectfully requests that this court grant summary judgment to Plaintiff and against Midland Credit Management ("MCM") and Midland Funding, LLC. ("Midland")(collectively "Defendants").

The Fair Debt Collection Practices Act ("FDCPA") is a consumer protection statute, the purpose of which is "to eliminate abusive debt collection Practices by debt collectors . . ." *Jerman v. Carlisle, McNellie, Rini, Kramer & Ulrich LPA*, 559 U.S. 573, 602 (2010) (quoting 15 U.S.C. § 1692(e)). Congress created the FDCPA in response to the "abundant evidence of the use of abusive, deceptive, and unfair debt collection Practices by many debt collectors." 15 U.S.C. § 1692(a).

Section 1692e(8) of the FDCPA provides that a debt collector may not use false or misleading representations in connection with the attempt to collect a debt by "Communicating or threatening to communicate to any person, credit information which is known or which should be known to be false, including the failure to communicate that a disputed debt is disputed." 15 U.S.C. § 1692e(8) Defendants violated § 1692e(8) when they failed to report to Equifax that Plaintiff's alleged debt was disputed when Defendants knew that Plaintiff disputed the amount of the alleged debt and communicated other information regarding the alleged debt to Equifax.

1

## II. FACTS

Defendants are debt collectors as defined by the FDCPA. [*See* Local Rule 56.1 Statement of Uncontested Material Facts in Support of Plaintiff's Motion for Summary Judgment ("SOF"), ¶¶2-6]. Plaintiff incurred a debt of some amount which was used for personal, non-business, purposes. (SOF ¶8). Synchrony Bank (the creditor with whom Plaintiff incurred the debt) later sold the debt to Midland who then assigned the debt to MCM to collect the debt from Plaintiff after the debt had entered default. (SOF ¶¶9-11). In response to collection attempts by Defendants, Plaintiff consulted with the attorneys at Community Lawyers Group, Ltd., who, on August 20, 2017, sent a letter to Midland, via its servicer MCM, indicating that Plaintiff disputed the alleged debt (SOF¶12). Defendants received Plaintiff's dispute letter on August 20, 2017. (SOF ¶13) Plaintiff's August 20, 2017 letter to Defendants stated "and the debt reported on the credit report is not accurate. (SOF ¶14) After sending the August 20, 2017 dispute letter to Defendants, Plaintiff purchased her Equifax credit report to check that it was accurately updated. (SOF ¶15) On August 25, 2017, Midland communicated credit information regarding the alleged debt to the Equifax consumer reporting agency, including a balance, an account number and the date reported. (SOF ¶16) Defendants failed to communicate to Equifax that Plaintiff's alleged debt was disputed when it communicated other information to Equifax regarding the alleged debt. (SOF ¶17) Defendants had been notified five days prior of Plaintiff's dispute of the alleged debt. (SOF ¶18)

Additionally, Defendants assert an affirmative defense of *bona fide* error in an attempt to defeat Plaintiff's FDCPA claim. [*See* Docket #9, pp. 11-12] Defendants' affirmative defense must fail as a matter of law, however, because their failure to properly report Plaintiff's dispute of the alleged debt to Equifax could not have been prevented by MCM's procedures. (SOF ¶20) Plaintiff

thus requests that she be granted summary judgment on her claims and on Defendants' affirmative defense of *bona fide* error.

### III. THE FAIR DEBT COLLECTION PRACTICES ACT

In enacting the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq*. ("FDCPA"), Congress recognized the universal agreement among scholars, law enforcement officials, and even debt collectors that the number of persons who willfully refuse to pay just debts is minuscule [sic]. . . . [T]he vast majority of consumers who obtain credit fully intend to repay their debts. When default occurs, it is nearly always due to an unforeseen event such as unemployment, overextension, serious illness, or marital difficulties or divorce. S. Rep. No. 382, 95th Cong., 1st Sess. 3 (1977), *reprinted in* 1977 USCCAN 1695, 1697. The FDCPA states that its purpose, in part, is "to eliminate abusive debt collection practices by debt collectors." 15 U.S.C. §1692(e). The Act is designed to protect consumers from unscrupulous collectors, whether or not there is a valid debt. *Mace v. Van Ru Credit Corp.*, 109 F.3d 338 (7th Cir. 1997); *Keele v. Wexler*, 149 F.3d 589, 594 (7th Cir. 1998). The FDCPA broadly prohibits unfair or unconscionable collection methods; conduct which harasses, oppresses or abuses any debtor; and any false, deceptive or misleading statements, in connection with the collection of a debt.

Plaintiff need not prove intent, bad faith or negligence in an FDCPA case. *Gearing v. Check Brokerage Corp.*, 233 F.3d 469, 472 (7th Cir.2000). The "FDCPA is a strict liability statute," and "proof of one violation is sufficient to support summary judgment for the plaintiff." *Cacace v. Lucas*, 775 F. Supp. 502, 505 (D. Conn. 1990); *Accord, Turner v. J.V.D.B. & Associates, Inc.*, 330 F.3d 991, 995 (7th Cir. 2003). *Gearing*, 233 F.3d at 472. Defendants' collection communications are to be interpreted under the "unsophisticated consumer" standard. *See, Gammon v. GC Services, Ltd. Partnership*, 27 F.3d 1254, 1257 (7th Cir. 1994).

3

### IV. LEGAL STANDARD

Summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. Proc. 56(c). The moving party bears the burden of showing the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett,* 477 U.S. 317 (1986); *Cedillo v. Int'l Assoc. of Bridge & Structural Iron Workers, Local Union No. 1,* 603 F.2d 7, 10 (7th Cir, 1979). Once the movant has met this burden, the non-moving party cannot simply rest on the allegations in the pleadings, but, "by affidavits or as otherwise provided for in [Rule 56], must set forth specific facts showing that there is a genuine issue for trial." Fed. R. Civ. P. 56(e). A "genuine issue" in the context of a motion for summary judgment is not simply a "metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.,* 475 U.S. 574, 586, 106 S. Ct. 1348, 89 L. Ed. 2d 538 (1986). The substantive law of the issues raised by the claims asserted in the complaint determines what is "material" for purposes of a motion for summary judgment. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248 (1986). By these standards, Plaintiff's motion for summary judgment should be granted.

### V. ARGUMENT

Defendants violated 15 U.S.C §§ 1692e(8) when they failed to report to Equifax that Plaintiff's alleged debt was disputed when Defendants knew that Plaintiff disputed the amount of the alleged debt and communicated other information regarding the alleged debt to Equifax. (SOF ¶¶12-18)

Defendants' attempt to escape liability under the FDCPA by asserting the *bona fide* error defense. *See* Docket #16, pp. 1-3 and Docket #17, pp. 1-3. However, the Defendants' *bona fide*

4

error defense fails because Defendants' procedures could not have prevented them from failing to report Plaintiff's dispute of the alleged debt to Equifax. (SOF ¶20) Because Defendants' *bona fide* error affirmative defense fails as a matter of law, Plaintiff requests that this court grant Plaintiff summary judgment on liability and reject Defendants' *bona fide* error defense.

### A. Plaintiff Has Satisfied the Prerequisite Requirements of the FDCPA

For a plaintiff to succeed on a claim under the FDCPA, the plaintiff must be a "consumer," and defendant must be a "debt collector" that sought to collect a "debt" from the plaintiff, as these terms are defined by the FDCPA. The evidence is clear that all three of these requirements are easily met.

#### a. Plaintiff is a "Consumer" Under the FDCPA

Section 1692a(3) provides the following definition for "consumer":

> **. . . any natural person obligated or allegedly obligated to pay any debt.**

15 U.S.C. § 1692a(3).

Here, there is no genuine issue of material fact that Plaintiff is a natural person who Defendants contend is obligated to pay the alleged debt to Defendants. (SOF ¶¶1, 8).

#### b. Defendants are "Debt Collectors" Under the FDCPA

Section 1692a(6) provides the following definition for "debt collector":

> **. . . any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another. Notwithstanding the exclusion provided by clause (F) of the last sentence of this paragraph, the term includes any creditor who, in the process of collecting his own debts, uses any name other than his own which would indicate that a third person is collecting or attempting to collect such debts. For the purpose of section 1692f (6) of this title, such term also includes any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the enforcement of security interests. . . .**

15 U.S.C. § 1692a(6).

5

The distinction between a "creditor" and a "debt collector" depends on the time of assignment of the debt in relation to the time of default, in that a "debt collector" is assigned the debt *after* it goes into default. *Pollice v. National Tax Funding, L.P.*, 225 F. 3d 379, 403-04 (3rd Cir. 2000). Defendants are both licensed debt collection agencies in Illinois. (SOF ¶¶2-6). The Ninth Circuit has interpreted the 'principal purpose' language as a direct reference to "licensed or registered collection agencies." *Romine v. Diversified Collection Servs., Inc.*, 155 F.3d 1142, 1146 (9th Cir. 1998). In *Evans v. Portfolio Recovery Assocs., LLC*, No. 15 C 4498, 2016 WL 6833930 (N.D. Ill. Nov. 20, 2016), the court granted summary judgment in favor of plaintiff. *Id* at *2. In doing so, it held that the defendant was a debt collector under the FDCPA, in part because of the simple fact that they were a licensed collection agency in Illinois. *Id.* Thus, there is no genuine issue of material fact that Defendants are "debt collectors" under the FDCPA.

### i. Defendant Midland is a "Debt Collector" Under the FDCPA

Midland's primary purpose of business is to purchase defaulted debts and collect on them through MCM. (SOF ¶6) In fact, Midland routinely sues consumers in order to collect on the debts it purchases.[1] Thus, it is a "debt collector" under the FDCPA. *Fuller v. Midland Credit Management Inc.*, 2014 WL 883757 at *1 (N.D. Ill. Mar. 6, 2014) (court classified Midland Funding, LLC as a debt collector under the FDCPA due to its seeking enforcement of "purchased debts against consumers by filing lawsuits").

### ii. Defendant MCM is a "Debt Collector" Under the FDCPA

MCM is also a debt collector under the FDCPA. First, Defendant MCM is a licensed debt collection agency in Illinois. (SOF ¶¶3-4). Secondly, Synchrony Bank (the creditor with whom

---

[1] Plaintiff respectfully requests that this Court would take judicial notice of the search results of Midland Funding, LLC in the Clerk of the Circuit Court of Cook County's electronic dockets (available at http://www.cookcountyclerkofcourt.org/?section=CASEINFOPage&CASEINFOPage=2400) which indicate that Midland Funding, LLC is the named plaintiff in over 400 cases filed in September 2017 alone.

Plaintiff incurred the debt), later sold the debt to Midland, who then assigned the debt to MCM to collect the debt from Plaintiff after the debt had entered default. (SOF ¶¶8-11) Defendants attempted to collect the alleged debt from Plaintiff. (SOF ¶¶11). Thus, there is no genuine issue of material fact that Defendant MCM is a "debt collector" under the FDCPA.

### c. The Alleged Debt is a "Debt" Under the FDCPA

Section 1692a(5) provides the following definition for "debt":

> **. . . any obligation or alleged obligation of a consumer to pay money arising out of a transaction in which the money, property, insurance, or services which are the subject of the transaction are primarily for personal, family, or household purposes, whether or not such obligation has been reduced to judgment.**

15 U.S.C. § 1692a(5).

Plaintiff incurred an alleged debt for goods and services used for personal family or household purposes, originally for a Synchrony Bank consumer credit account, and did not use the account for business purposes or to buy goods for resale. (SOF ¶8). Due to Plaintiff's financial difficulties, her account with Synchrony Bank went into default, after which it was purchased by Midland and assigned to MCM for collection. (SOF ¶¶8-10). Because Plaintiff has satisfactorily declared that the debt was incurred for personal purposes and Defendants can produce no evidence to the contrary, there is no genuine issue of material fact that the alleged debt is a "debt" under the FDCPA.

### B. Defendants Violated §§ 1692e(8) by failing to report to Equifax that Plaintiff's alleged debt was disputed when Defendants knew that Plaintiff disputed the amount of the alleged debt and communicated other information regarding the alleged debt to Equifax

Section 1692e(8) Section 1692e(8) of the FDCPA provides that a debt collector may not use false or misleading representations in connection with the attempt to collect a debt by "Communicating or threatening to communicate to any person, credit information which is known

or which should be known to be false, including the failure to communicate that a disputed debt is disputed." 15 U.S.C. § 1692e(8).

Under the FDCPA, the term communication, means "the conveying of information regarding a debt directly or indirectly to any person through any medium." 15 U.S.C. 1692a(2). On August 25, 2017, Midland communicated credit information regarding the alleged debt to the Equifax consumer reporting agency, including a balance, an account number and the date reported. (SOF ¶16) Defendants' reporting to Equifax can be considered nothing but a communication in connection with the collection of a debt. *See Rivera v. Bank One*, 145 F.R.D. 614, 623 (D.P.R. 1993) (a creditor's report of a debt to a consumer reporting agency is a "powerful tool, designed in part to wrench compliance with payment terms from its cardholder"). Additionally, this communication was a material violation of the FDCPA because it was a direct violation of a specifically enumerated section of the FDCPA (§1692e(8)). Put simply, Defendants violated §1692e(8) when they knew that the alleged debt from the Synchrony Bank was disputed by Plaintiff but reported it to Equifax without informing Equifax that the alleged debt was so disputed. (SOF ¶¶12-18) *See Flores v. Portfolio Recovery Associates, LLC*, 2017 U.S. Dist. LEXIS 195518, *11 (N.D. Ill. November 29, 2017)(The FDCPA *itself* unequivocally states that failure to communicate that a debt is disputed violates § 1692e. There is no mention of "materiality" as a requirement for liability; just a plain statement that reporting credit information without communicating the dispute "is a violation." 15 U.S.C. § 1692e)(emphasis in the original) *See also Bowse* v. *Portfolio Recovery Associates, LLC*, 218 F. Supp. 3d 745, 753 (N.D. Ill. 2016)(The FDCPA does not permit debt collectors to withhold the disputed nature of debts, even in instances when the debt collector considers that dispute invalid).

8

Because of Defendants' clear violations of § 1692e(8) Plaintiff requests that this Court grant summary judgment in her favor.

    **C.**    **Defendants' *Bona Fide* Error Defense Fails as a Matter of Law, and Plaintiff Should be Granted Summary Judgment on the Defense**

Section 1692k(c) of the FDCPA, the *bona fide* error provision, provides:

> **A debt collector may not be liable in any action brought under this subchapter if the debt collector shows by a preponderance of the evidence that the violation was not intentional and resulted from a bona fide error notwithstanding the maintenance of procedures reasonably adapted to avoid any such error.**

15 U.S.C. § 1692k(c).

Defendants assert that any violation of the FDCPA was not intentional and resulted from a *bona fide* error even though Defendants had procedures reasonably adapted to avoid such error. *See* Docket #9, pp. 11-12. This is an affirmative defense and it is Defendants' burden to prove that it is entitled to this defense.

Under the FDCPA, the *bona fide* error defense requires a defendant to show that (1) the violation was not intentional, (2) the presumed violation resulted from a *bona fide* error, and (3) it maintained procedures reasonably adapted to avoid any such error. *Kort v. Diversified Collection Services, Inc.*, 394 F. 3d 530, 537 (7th Cir. 2005).

In *Jerman,* the Supreme Court held that FDCPA violations excusable under § 1692k(c) must result from "clerical or factual mistakes," not mistakes of law. *Jerman,* 559 U.S. at 587, 604-05. The Court in *Jerman* drew support for its conclusion from the statutory requirement that a debt collector maintain "procedures reasonably adapted to avoid" errors. *Id.* The Court wrote that "procedures" are "processes that have mechanical or other such regular orderly steps" designed to "avoid errors like clerical or factual mistakes." *Id.*

Defendants procedures, however, are not "reasonably adapted to avoid" or "designed" to avoid the violation as established in this case. Defendants admit that they only report disputes to

9

the credit reporting agencies twice a month. (SOF ¶20) Specifically, Defendants admit that "Every Monday morning following the first and third Sunday of each month, MCM automatically pulls all data from all accounts that have been marked to be reported as disputed prior to then. That list is finalized on that Monday, and then furnished to the credit bureaus on Friday." *Id.* In this case, Defendants' "procedures" were not designed to prevent Defendants from failing to report to Equifax prior to September 2, 2017 that Plaintiff's debt was disputed. Defendants admit that they received Plaintiff's dispute letter on August 20, 2017. (SOF ¶13) Plaintiff did not check her Equifax credit report until thirteen days later, on September 2, 2017. (SOF ¶15) Defendants argue that "because Ms. Francisco's dispute was sent late on a Sunday (August 20, 2017) it was not reasonable for it to be, nor could it have been, processed immediately first thing on Monday (August 21, 2017) morning, and so it was processed in a reasonable amount of time, or just the next business day on Tuesday August 22, 2017." (Ex. G, MCM's Answers to Plaintiff's Interrogatories, ¶2) Defendants provide no explanation as to why more frequent reporting to the credit agencies is "unreasonable." In fact, Defendants' own Credit Bureau Reporting Policy only dictates that reporting to credit bureaus such as Equifax should be done "on at least a monthly basis." (SOF ¶22)

      Defendants' further do not explain why Plaintiff's dispute could not have been reported to the credit agencies on August 25, 2017 when the dispute was received on August 20, 2017 and processed on August 22, 2017. Defendants simply state "By that point, MCM's batch credit reporting data had already been pulled for the purposes of furnishing that information to the credit bureaus on that Friday. Because Ms. Francisco's dispute was not sent with sufficient time for MCM to process it prior to its update just the following morning, Ms. Francisco's request was not able to be included in the data pulled that next morning." (*See* Ex. G, MCM's Answers to Plaintiff's

10

Interrogatories, ¶2) Defendants' argument that reporting the dispute prior to September 8, 2017 was "unreasonable" under Defendants' "procedures" is particularly unconvincing given that Defendants' "Consumer Policy Dispute Manual, Section 3.5.2 Communications upon Notification" provides as follows:

> "Within two (2) business days of receiving and/or resolving a Consumer Dispute, the company will notify all entities 'presently associated' with an account that the account is disputed. The notification will also include the type or nature of the Consumer Dispute, if provided, and the source or channel where the Dispute was received. "Presently associated entities" include all of the following entities: The current creditor (the Encore purchasing subsidiary); The affiliate or third-party service provider servicing the Debt; The affiliate responsible for assigning the Debt to a third-party service Provider" (SOF ¶21)

Under Defendants' own policies, they provide for reporting *within two business days* to the current creditor, a third-party servicer and/or an affiliate responsible for assigning a debt to a third-party service provider. *Id.* Conspicuously absent from the list of beneficiaries of Defendants' two-business day reporting procedure for disputes are credit reporting agencies such as Equifax. Nothing prevented Defendants from adopting the same two-business day reporting deadline for reports to the credit bureaus. In fact, such a policy would have prevented the violation in this case. According to Defendants, they processed Plaintiff's dispute on August 22, 2017. Had Defendants applied their two-business day policy for reporting to "Presently associated entities" to their policy for credit bureau reporting, Plaintiff's tradeline would have been marked disputed by the time she checked her credit report on September 2, 2017. Given that Defendants' internal policies and procedures were not "processes that have mechanical or other such regular orderly steps" designed to "avoid errors like clerical or factual mistakes" such as the violation of §1692e(8) as alleged in this matter, Defendants' *bona fide* error defense must fail.

## VI. CONCLUSION

Under the FDCPA, debt collectors must report to credit agencies that a debt is disputed. 15 U.S.C. § 1692e(8). Defendants violated §1692e(8) when they did not report Plaintiff's debt as disputed to Equifax for some 20 days. (SOF ¶¶12-18). Further, Defendants' *bona fide* error defense fails because Defendants' professed procedures were not reasonably adapted to avoid the violation of § 1692e(8).

**WHEREFORE**, Plaintiff, CECELIA FRANCISCO respectfully requests that this court grant summary judgment in her favor on her FDCPA claims as well as on Defendants' affirmative defense of *bona fide* error, and for any other or further relief the Court deems just and proper.

Respectfully submitted,

By: /s/ *Celetha Chatman*
One of Plaintiff's Attorneys

Celetha Chatman
Michael Wood
***Community Lawyers Group, Ltd.***
73 W. Monroe Street, Suite 514
Chicago, IL 60603
Ph: (312)757-1880
Fx: (312)265-3227
cchatman@communitylawyersgroup.com
mwood@communitylawyersgroup.com

## CERTIFICATE OF SERVICE

      I, Celetha Chatman, an attorney, hereby certify that on May 2, 2018, I electronically filed the foregoing document using the CM/ECF system, which will send notification of such filing to all attorneys of record.

**Dated: May 2, 2018**　　　　　　　　　　　Respectfully submitted,

By: ___/s/ *Celetha Chatman*