IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| CECILIA FRANCISCO, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 17 C 6872 |
| | ) | |
| MIDLAND FUNDING, LLC and | ) | Judge Joan H. Lefkow |
| MIDLAND CREDIT MANAGEMENT, | ) | |
| INC., | ) | |
| | ) | |
| Defendants. | ) | |

**OPINION AND ORDER**

Cecilia Francisco sued Midland Credit Management, Inc. (MCM) for violation of the Fair

Debt Collection Practices Act (FDPCA), 15 U.S.C. § 1692 *et seq*. MCM argued, among other

things, that Francisco's unclean hands barred relief. After briefing on MCM's motion for

summary judgment suggested that unclean hands might not be a defense to an FDCPA violation,

the court reserved judgment on MCM's summary judgment motion as to that defense and

ordered MCM to show cause as to why the court should not grant summary judgment *sua sponte*

against MCM on that defense. (Dkt. 74 at 12, 16.) For the reasons below, MCM's motion for

summary judgment is denied as to the unclean hands defense, and summary judgment is granted

*sua sponte* against MCM on the defense.[1]

---

[1] The court has jurisdiction under 28 U.S.C. § 1331 and 15 U.S.C. § 1692k(d). Venue is proper in
this district under 28 U.S.C. § 1391(b).

I.      **Background**[2]

Francisco incurred and defaulted on a consumer debt; MCM was the debt collector for her account. MCM reports account information to credit bureaus and follows special procedures for accounts flagged as disputed. MCM compiles its reports on the first and third Monday of each month and sends them to credit bureaus on the following Friday. Likely knowing this schedule, Francisco's counsel sent a letter to MCM disputing Francisco's debt on Sunday evening, August 20, 2017, hours before MCM compiled a batch of reports. Though MCM quickly processed Francisco's dispute, because by that point MCM had already compiled its batch of disputes, MCM reported Francisco's debt to Equifax on Friday, August 25, 2017, without reporting that it was disputed, in violation of 15 U.S.C. § 1692e(8).

MCM claims that Francisco's counsel intentionally timed the letter to cause a violation, making her hands unclean and precluding relief. Francisco argues that unclean hands is not a defense to a violation of 15 U.S.C. § 1692e(8). Because of the procedural posture in which Francisco made that argument, the court could not rule on it without further briefing from MCM, which MCM has now provided. The issue is now ripe for ruling.

II.     **Analysis**

Congress passed the FDCPA to curtail unfair and abusive debt collection practices. 15 U.S.C. § 1692. Congress recognized that most debtors are not scofflaws; they instead "fully intend to repay their debts" but fall on hard times. *Bass* v. *Stopler, Koritzinsky, Brewster & Neidger, S.C.*, 111 F.3d 1322, 1329–30 (7th Cir. 1997). The FDCPA thus "focus[es] on the debt collector's misconduct," not the debtor's default or the validity of the debt. *Keele* v. *Wexler*, 149

---

[2] The court assumes the parties' familiarity with the facts of the case, set forth in this court's February 9, 2019 summary judgment order. (Dkt 74.) Unless otherwise stated, the information below comes from the parties' Rule 56.1 statements.

F.3d 589, 594 (7th Cir. 1998) (citing *Baker* v. *G.C. Servs. Corp*, 677 F.2d 755, 781, and *Mace* v.

*Van Ru Credit Corp.*, 109 F.3d 338, 341 (7th Cir. 1997)). It is now generally understood that

§ 1692e of the FDCPA, which prohibits false statements in connection with collecting a debt, is a

strict liability statute. *Randolph* v. *IMBS, Inc.*, 368 F.3d 726, 730 (7th Cir. 2004) ("[Section]

1692e(2)(A) creates a strict-liability rule. Debt collectors may not make false claims, period.").

Although § 1692e(8), at issue here, requires proof that the debt collector either knows or should

have known that its statement was false, liability is otherwise unchanged from the rest of

§ 1692e—violations do not depend on why the false communication was sent or how the

consumer came to be in debt.

Instead of a *scienter* element that the consumer must prove, the FDCPA creates three

defenses that the debt collector must prove: (1) bona fide error, 15 U.S.C. § 1692(c); (2) statute

of limitations, 15 U.S.C. § 1692k(d); and (3) good-faith reliance on an advisory opinion of the

Consumer Financial Protection Bureau. 15 U.S.C. § 1692k(e).[3] While the statute of limitations

defense focuses on a narrow aspect of the consumer's conduct, the bona fide error and good faith

reliance defenses keep the focus on the debt collector and remain, like the rest of the FDCPA,

unconcerned with the consumer's actions.

Considering Congress's focus on debt collectors, the Seventh Circuit and courts in this

district have repeatedly rebuffed debt collectors' attempts to raise defenses or exceptions based

on the consumer's purported misconduct. In *Bass*, the Seventh Circuit held that a payment

obligation arising from a dishonored check is still a debt and noted that "[n]o section of the Act

requires an inquiry into the worthiness of the debtor, or purports to protect only 'deserving'

debtors." 111 F.3d at 1330. In *Keele*, the Seventh Circuit rejected the debt collector's argument

---

[3] The court has already rejected MCM's bona fide error defense. The other two are not at issue.

that the FDCPA does not apply to fraudulently incurred debts. 149 F.3d at 594–96. And in *McCabe* v. *Crawford & Co.*, a court in this district applied those principles to reject the debt collector's argument that the consumer had unclean hands because he brought his FDCPA claim to delay repayment of his debt. 272 F. Supp. 2d 736, 743 (N.D. Ill. 2003) (reiterating that FDCPA imposes strict liability statute and plaintiff's intentions do not matter). These cases evince a clear reluctance to allow FDCPA defendants to assert judicially made exceptions or defenses that focus on the consumer's conduct.

MCM notes that its defense differs from those, but it is not so different that the principles no longer apply. MCM argues that Francisco contrived the FDCPA violation to collect the statutory penalty,[4] not that some other bad conduct makes her unworthy of FDCPA protection. To begin, while that distinguishes *Bass* and *Keele*, where the debt collectors challenged how the consumer came to be indebted, it does not distinguish *McCabe*, where the debt collector challenged the consumer's motivation for suing. *Keele*, 149 F.3d at 594; *Bass*, 111 F.3d at 1329–30; *McCabe*, 272 F. Supp. 2d at 743. MCM's defense requires a similar inquiry into the consumer's ulterior motives as the one rejected in *McCabe*. Regardless, even though the facts of *Bass* and *Keele* are distinguishable, the principles underpinning them are not: the FDCPA's text, structure, and history demand that courts focus on the debt collector, not the consumer, with circumscribed exceptions. *Bass*, 111 F.3d at 1330 ("The Act's singular focus is on curbing abusive and deceptive collection practices, not abusive and deceptive consumer payment practices."); *Keele*, 149 F.3d at 545 ("[The FDCPA's] language focuses primarily, if not exclusively, on the conduct of debt collectors, not debtors. Absent some textual directive in the FDCPA, we will not alter that focus . . . .").

---

[4] Or, perhaps more to the point, that her attorneys contrived the violation to collect fees.

4

Because the unclean hands defense focuses exclusively on "the plaintiff's fault," *Scheiber* v. *Dolby Labs., Inc.*, 293 F.3d 1014, 1021 (7th Cir. 2002) (quoting *Shondel* v. *McDermott*, 775 F.2d 859, 868 (7th Cir. 1985)), the court joins several district courts across the country and holds that unclean hands is not an affirmative defense to a violation of § 1692e of the FDCPA. *Nyberg* v. *Portfolio Recovery Assocs., LLC*, No. 3:15-cv-01175-PK, 2016 WL 3176585, at *6 (D. Or. June 6, 2016) ("[U]nclean hands is not a proper defense to an FDCPA claim.");[5] *Mejia* v. *Marauder Corp.*, No. C06-00520 HRL, 2007 WL 806486 at *5 (N.D. Cal. Mar. 15, 2007) (citing *Howlett* v. *Rose*, 496 U.S. 356, 372, 110 S. Ct. 2430 (1990)) (holding state-law unclean hands not defense to federal FDCPA claim); *Johnson* v. *Nationstar Mortg., LLC*, No. 2:17-cv-199-FtM-99MRM, 2017 WL 3705838, at *3 (M.D. Fla. Aug. 28, 2017) ("The Court does not see— and defendant cites no case law in support—how a debt collector may defend itself from liability for its practices by alleging that the debtor put the parties in the situation in the first place.").

Though other courts have entertained unclean hands as a defense, most of them were not squarely presented with the propriety of the defense and, to this court's knowledge, no court has ever allowed an unclean hands defense to defeat an FDCPA claim. *See Sartori* v. *Steider & Assocs.*, No. 1:15-cv-00991-JCH-LF, 2017 WL 3602029, at *3 (D.N.M. Jan. 19, 2017) (denying motion to strike "based on [plaintiff's] erroneous claim that there are only three defenses available in an FDCPA case"); *Gater* v. *Russel Collection Agency, Inc.*, No. 15-10033, 2015 WL 6955402, at *4 (E.D. Mich. Nov. 10, 2015) (rejecting unclean hands defense because defendant did not prove it, without discussing propriety of defense); *Young* v. *LVNV Funding, LLC*, No. 4:12CV01180AGF, 2013 WL 275603, at *1–2 (E.D. Mo. Jan. 24, 2013) (denying motion to

---

[5] MCM argues that *Nyberg* reached its result by misinterpreting *McCabe*. As explained above, the court considers it a reasonable extension of *McCabe* to hold that unclean hands is not a proper affirmative defense to § 1692e.

strike unclean hands defense as premature without discussion of propriety); *Raymond* v. *CACV of Colo., LLC*, No. CV-06-1988-PHX-FJM, 2007 U.S. Dist. LEXIS 12524, *4–5 (D. Ariz. Feb. 20, 2007) (entertaining possibility that consumer's conduct is immaterial but not striking unclean hands defense because court was "aware of no binding authority that would require such a sweeping conclusion").

*Perez* v. *Gordon & Wong Law Group, P.C.* most thoroughly evaluated the propriety of unclean hands without finding it improper, but that decision is nonetheless consistent with this one. No. 11-CV-03323-LHK, 2012 WL 1029425, at *9 (N.D. Cal. Mar. 26, 2012). There, the court held that the enumeration of three affirmative defenses in § 1692k does not preclude the application of other defenses not listed. *Id.* (citing *Clark* v. *Capital Credit & Collection Servs., Inc.*, 460 F.3d 1162, 1168–70 (9th Cir. 2006) (holding waiver is affirmative defense to some FDCPA violations)). But the court clarified that it "in no way suggest[ed] that every conceivable defense may be asserted appropriately in an FDCPA action." *Id.* Rather, those non-enumerated defenses had to be "consistent with both the statute's plain language and its stated policy goals . . . ." *Id.* Because the debt collector in *Perez* did not allege any facts to support its unclean hands defense, the court dismissed it for failure to state a claim without needing to decide whether the defense was consistent with the FDCPA. *Id.* at *10.

This court does not foreclose the possibility that the FDCPA permits debt collectors to raise other defenses that are not listed in § 1692k. But unclean hands is inconsistent with the policy underlying the Act. Permitting a debt collector to commit FDCPA violations when the consumer's counsel might have contrived the violation (or the consumer is otherwise unworthy in equity) would impermissibly shift the focus back toward the consumer's wrongdoing, which the text, structure, and history of the FDCPA do not allow. Allowing an unclean hands defense

6

would transform the rule from "Debt collectors may not make false claims, period," to "Debt collectors may not make false claims, comma." *Randolph*, 368 F.3d at 730. If the debt collector could probe the consumer's or counsel's actions for unclean hands, FDCPA litigation would devolve into disputes over the plaintiff's and counsel's actions and motivations, even where, as here, the FDCPA violation is clear. (Dkt. 74 at 9–10.) Debt collectors could mire the consumer in discovery irrelevant to the violation, making litigation costlier. And allowing counsel's actions and motivations to prevent recovery for FDCPA violations could also chill counsel from taking steps to root out violations, hindering one of the FDCPA's key enforcement mechanisms. *Jerman* v. *Carlisle, McNellie, Rini, Kramer & Ulrich LPA*, 559 U.S. 573, 577, 130 S. Ct. 1605 (2010) ("The Act is enforced through administrative action and private lawsuits."). Because Congress did not intend FDCPA litigation to focus on the consumer's wrongdoing, the FDCPA does not permit an unclean hands defense.

Finally, although Congress does not want courts probing into the consumer's actions or intentions to determine the debt collector's liability, it also installed a safety valve against truly abusive litigation. "On a finding by the court that an action under this section was brought in bad faith and for the purpose of harassment, the court may award to the defendant attorney's fees reasonable in relation to the work expended and costs." 15 U.S.C. § 1692k(a)(3). Whereas similar provisions in the Fair Credit Reporting Act, for instance, limit sanctions to unsuccessful pleadings, the FDCPA appears to permit a finding of bad faith even if the plaintiff establishes a violation. *Compare* 15 U.S.C. §§ 1681n(c) ("Upon a finding by the court that an *unsuccessful* pleading, motion, or other paper . . . was filed in bad faith . . ." (emphasis added)), *with* 15 U.S.C. § 1692k(a)(3) ("On a finding by the court that an action under this section was brought in bad faith and for purposes of harassment . . ."); *cf. Tejero* v. *Portfolio Recovery Assocs.*, AU-16-

7

CV-767-SS, 2018 WL 1612856 (W.D. Tex. Apr. 12, 2018) (sanctioning counsel (same counsel as here) who survived summary judgment and obtained settlement because arguably successful claim brought in bad faith).[6]

## III.      Conclusion

For the reasons stated above, Midland Credit Management, Inc.'s motion for summary judgment (dkt. 40) is denied as to the unclean hands defense, and the court grants summary judgment *sua sponte* in Francisco's favor against the unclean hands defense.

Date: March 15, 2019

_____
U.S. District Judge Joan H. Lefkow

---

[6] Obviously, a successful complaint is much less likely than an unsuccessful one to be filed in bad faith. Meritorious claims brought in bad faith should be rare.